# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>K. BRANDON,<br><br>    Defendant. | Case No.  1:14-cv-00290-SAB PC<br><br>ORDER RE PLAINTIFF'S OBJECTION<br><br>(ECF No. 6)<br><br>THIRTY DAY DEADLINE |

**I.**

**BACKGROUND**

Plaintiff Durrell A. Puckett, proceeding pro se and in forma pauperis, filed this action on March 3, 2014.  On June 6, 2014, the Court screened Plaintiff's complaint and issued an order finding Plaintiff had stated a claim against Defendant K. Brandon for retaliation in violation of the First Amendment.  On June 20, 2014, Plaintiff file a documents entitled "Objections to the Judge Not Recognizing Emotional Injury as a Cognizable Claim."  (ECF No. 6.)  Plaintiff's objection was damaged in the mail and is to some extent unreadable.  However, the Court is able to determine that Plaintiff is objecting that the order did not find a cognizable claim for infliction of emotional distress based upon Plaintiff stating he became suicidal and was placed in a state mental hospital.

1

## II.

## DISCUSSION

A.   CALIFORNIA TORT CLAIMS ACT

The California Tort Claims Act[1] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120.

Attached to Plaintiff's complaint is a claim form he submitted to the Victim's Compensation Board and rejection letter.[2] In reviewing the claim form, it alleges that Defendant Brandon retaliated against Plaintiff by pepper spraying him and throwing away legal paperwork, pictures, obituaries, and books. (Government Claims Form, attached to complaint at 6-8, ECF No. 1.) The question then is whether Plaintiff's complaint of an unrelated retaliatory incident by the same defendant is sufficient to comply with the requirement that his claim be presented and acted on prior to commencing suit.

The purpose of the California Tort Claims Act is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate,

---

[1] The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

[2] The incorporation by reference doctrine allows material attached to the complaint to be considered, as well as "unattached evidence on which the complaint 'necessarily relies' if : (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." Corinthian Colleges, 655 F3d at 999.

1  without the expense of litigation." Stockett v. Assoc. of California Water Agencies Joint Powers
2  Insurance Authority, 34 Cal.4th 441, 446 (2004) (quoting City of San Jose v. Superior Court, 12
3  Cal.3d 447, 455 (1974)).  The claim does not need to contain the detail and specificity required
4  of a complaint filed in court, but it must fairly describe what the defendant is alleged to have
5  done so the entity can investigate and evaluate the claims. Stockett, 34 Cal.4th at 446.

6  Pursuant to California Government Code section 910(c), a claim must show "the date,
7  place and other circumstances of the occurrence or transaction which gave rise to the claim
8  asserted."  To comply with the California Torts Claim Act, the facts contained in the written
9  claim form must correspond with the facts alleged in the complaint to fairly reflect the written
10 claim.  Blair v. Superior Court, 218 Cal.App.3d 221, 223-24 (1990).  A claim is not sufficient
11 where it is entirely based upon a different set of facts from those stated in the complaint.
12 Stevenson v. San Francisco Housing Authority, 24 Cal.App.4th 269, 277 (1994).  "Only where
13 there has been a 'complete shift in allegations, usually involving an effort to premise civil
14 liability on acts or omissions committed at different times or by different persons than those
15 described in the claim,' have courts generally found the complaint barred." Stockett, 34 Cal.4th
16 at 447 (quoting Blair, 218 Cal.App.3d at 226)).  "Where the complaint merely elaborates or adds
17 further detail to a claim, but is predicated on the same fundamental actions or failures to act by
18 the defendants, courts have generally found the claim fairly reflects the facts pled in the
19 complaint." Stockett, 34 Cal.4th at 447.

20 In this instance, Plaintiff's allegations in the complaint are based upon an entirely
21 different set of facts from those set forth in the claim form attached to the complaint.  Plaintiff's
22 claim form alleging that Defendant Brandon retaliated against him by destroying his property
23 and pepper spraying him on June 17, 2013, does not provide fair notice for the entity to
24 investigate the current allegations that she refused to feed him breakfast or lunch on 17 to 23
25 occasions and called him names.  (ECF No. 1 at 4, 8.)  Accordingly, Plaintiff's claim form is
26 only sufficient to place the entity on notice of the allegations in the complaint that Defendant
27 Brandon threw away his property on June 17, 2013.  The Court will next consider whether this
28 allegation is sufficient to state a claim for intentional infliction of emotional distress.

### B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Under California law, the elements of intentional infliction of emotional distress ("IIED") are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Bock v. Hansen, 225 Cal.App.4th 215, 232-33 (2014); Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (2010). Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)). Additionally, the defendant "must have engaged in 'conduct intended to inflict injury or engaged in with the realization that injury will result.'" Steel v. City of San Diego, 726 F.Supp.2d 1172, (S.D. Cal. 2010). "Whether particular conduct is 'outrageous' can best be determined in light of holdings in earlier cases dealing with particular types of conduct." Bock, 225 Cal.App.4th at 233.

Plaintiff fails to state a claim for intentional infliction of emotional distress as the complaint does not allege facts from with the Court can infer that Defendant Brandon destroyed Plaintiff's property intending to cause him emotional distress. Further, the conduct complained of does not rise to the level of conduct so extreme that it would not be tolerated in a civilized community. See Chick v. Lacey, No. 1:11-cv-01447-LJO-DLB PC, 2013 WL 1737144, at *2-3 (E.D. Cal. April 22, 2013) (finding IIED where defendants searched plaintiff's property ten times within a six week period of time, destroyed inmate's property in front of other inmates, allowed other inmates to take what they wanted from plaintiff's property, and encouraged other inmates to feel free to attack plaintiff); cf. Hupp v. San Diego County, No. 3:12-cv-00492-GPC-RBB, 2014 WL 347472, at *9 (S.D. Cal. Jan. 30, 2014) (crumpling up inmate's legal documents and throwing them in the garbage not sufficient).

## III.
## CONCLUSION AND ORDER

Plaintiff fails to state a claim for intentional infliction of emotional distress under

1 California law.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall
2 be freely given when justice so requires,' " Fed. R. Civ. P. 15(a), and "[l]eave to amend should
3 be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith,
4 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  The Court will provide Plaintiff
5 with the opportunity to file an amended complaint curing the deficiencies identified by the Court
6 in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Brandon on the First Amendment claim, Plaintiff may so notify the Court in writing.  The state law claim will then be dismissed for failure to state a claim.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  The mere possibility of misconduct is insufficient to state a claim.  Iqbal, 129 S. Ct. at 1950.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the Court not finding a claim for infliction of emotional distress are overruled;

2. Plaintiff shall be granted thirty days from the date of service of this order to notify the Court that he wishes to proceed only on the claim found to be cognizable in the complaint or file an amended complaint to cure the deficiencies in this order; and

3.  If Plaintiff does not file an amended complaint as directed in this order, this action shall proceed against Defendant Brandon on the claims found cognizable in the June 6, 2014 order.

IT IS SO ORDERED.

Dated: **June 24, 2014**

UNITED STATES MAGISTRATE JUDGE