UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. BRANDON, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00290-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 16] |

　　Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　This action is proceeding on Plaintiff's claim of retaliation against Defendant Brandon.

　　On November 12, 2014, Plaintiff filed a motion for summary judgment, and Defendant filed an opposition on December 1, 2014.

**I.**

**LEGAL STANDARD**

　　Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record,

1

including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

If the moving part meets its initial responsibility, the burden then shifts to the opposing part to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n. 11.

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for consideration. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to scour the record for triable issues of fact. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010).

## II.

## DISCUSSION

### A.   Allegations of Complaint

On or about June 17, 2013, for 17-23 breakfasts and lunches Brandon refused to feed Plaintiff which caused him to feel homicidal and hear voices. He was also harassed by Brandon calling her a nigger, rapist, and pervert. Because Brandon ripped up the obituaries of Plaintiff's mother, two brothers, sister-in-law and friends, Plaintiff was deeply depressed to the point that on July 7, 2013, he swallowed a razor in attempt to kill himself. Plaintiff constantly feels emotionally depressed by Brandon's actions, and Plaintiff was sent to the state hospital on November 4, 2013. Plaintiff still has thoughts of trying to overdose or cut his jugular vein with a razor to take his life. Brandon told

Plaintiff she was not feeding him because he is a nigger.

### B. Plaintiff's Statement of Undisputed Facts

1. For 17-23 breakfasts and lunches Brandon refused to feed me.
2. It caused me to feel homicidal and hear voices also by her continuous harassment of calling me niggers, perverts.
3. Due to her ripping up several obituaries of my mom, two broths, and friends caused depression.
4. To the point on or about July 7, 2013, I swallowed a razor and tried to kill myself due to her reprisal.
5. I had constantly felt so emotionally depressed by her actions I was sent to the Dept. of State Hospitals.
6. I still have thoughts of trying to harm myself as I slowly deteriorate.
7. Brandon admitted to retaliated on me due to I was suing her co-worker in separate suit.
8. She also retaliated by throwing away my property items.

Defendant Brandon disputes each fact, with the exception of number six, in which Defendant Brandon disputes in part stating "[f]or purposes of this Motion, Brandon does not dispute that Puckett still has thoughts of harming himself and is slowly deteriorating. Brandon disputes whether Puckett's psychological issues are caused by her conduct." (ECF No. 17, Def.'s Opp'n to Pl.'s Stmt. of Facts at No. 6.)

### C. Denial of Plaintiff's Motion for Summary Judgment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d

559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In support of his motion for summary judgment, Plaintiff submits his declaration, in which he declares the allegations set forth in his complaint and statement of undisputed facts submitted in support of his motion.

In opposition, Defendant Brandon submits his declaration in which he declares, in pertinent part, the following:

> In June 2013, I was employed by [California Department of Corrections and Rehabilitation] CDCR at California State Prison-Corcoran as a Correctional Officer. In June 2013, my duties included performing welfare checks and serving meals to inmate located on the top tier of Housing Unit 3A03, as well as escorting Licensed Psychiatric Technicians when they distributed medication to inmates.
>
> In June 2013, inmate Puckett was housed at California State Prison-Corcoran, in housing unit 3A03-141U, which is located on the lower tier of the housing unit. In June 2013, I was not responsible for serving meals on the tier where inmate Puckett was located. It was my understanding that other correctional officers were responsible for providing inmate Puckett with meals in June 2013. I never refused to provide meals to inmate Puckett.
>
> I did not search inmate Puckett's cell in June 2013, and never ripped any obituaries, or family photographs, or otherwise damaged, destroyed, or disposed of any items belonging to inmate Puckett.
>
> I never referred to inmate Puckett as a nigger, a pervert, a rapist, sex offender, or a snitch.
>
> I have never stated that I was retaliating against inmate Puckett because he was suing a co-worker.

(ECF No. 17, Opp'n, Ex. A, Declaration of K. Brandon at ¶¶ 2-6.)

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012). The

Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

Here, Plaintiff and Defendant dispute the factual allegations set forth in the complaint, and the Court cannot resolve the credibility determination, and because genuine issues of fact exist as to whether Defendant Brandon retaliated against Plaintiff, Plaintiff's motion for summary judgment should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 22, 2014**

UNITED STATES MAGISTRATE JUDGE