UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. BRANDON, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00290-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>[ECF No. 22] |

　　　　Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On January 22, 2015, Plaintiff filed a motion for the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff requests appointment of counsel because of his mental illness and medication he is at times unable to function. Although Plaintiff attaches medical documents which indicate that he is taking psychiatric medication to control his mental illness, it is apparent that if Plaintiff takes his medication his condition is under control. Indeed, Plaintiff's documentation indicates that he has been under a court order for involuntary administered psychotropic medication. However, a review of the record reflects that Plaintiff is articulate and able to comply with court orders, as well as file pro se motions including a motion for summary judgment. (ECF No. 16.) Further, even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges a First Amendment claim of retaliation against Defendant K. Brandon. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. However, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **February 4, 2015**

UNITED STATES MAGISTRATE JUDGE