UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. BRANDON,<br><br>　　　　　Defendant. | Case No.: 1:14-cv-00290-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 25] |

　　　　Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL HISTORY**

　　　　This action is proceeding against Defendant K. Brandon for retaliation in violation of the First Amendment.

　　　　On July 16, 2015, Defendant filed a motion for summary judgment. (ECF No. 25.) Plaintiff filed an opposition on August 12, 2015, and Defendant filed a reply on August 18, 2015. (ECF Nos. 28, 29.)

///

///

///

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In resolving cross-motions for summary judgment, the Court must consider each party's evidence. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011). Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses

thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

## III.

## DISCUSSION

### A. Summary of Plaintiff's Complaint

On or about June 17, 2013, for about 17 to 23 breakfasts and lunches, Defendant Brandon refused to feed Plaintiff causing him to feel homicidal and hear voices. Brandon also harassed Plaintiff by calling him a nigger, rapist, and pervert.

Due to Defendant Brandon ripping up many obituaries of Plaintiff's mother, two brothers, and sister-in-law and friends, Plaintiff felt deeply depressed to the point that on or about July 7, 2013, he swallowed a razor and tried to kill himself. Plaintiff constantly feels emotionally depressed by Brandon's actions and, on November 4, 2013, Plaintiff was sent to the Department of State Hospitals. Plaintiff still has thoughts of trying to overdose or cut his jugular vein.

Brandon told Plaintiff she was not feeding him because he was a nigger and was suing her friend. Plaintiff tried filing a complaint by way of a 602 inmate appeal which was ripped up in his face.

### B. Statement of Undisputed Facts

1. Plaintiff Puckett filed a lawsuit against Correctional Officer S. Arreguin on June 1, 2010.
2. Puckett alleges that Defendant Brandon retaliated against him because of the lawsuit filed against S. Arreguin, Brandon's friend.
3. Beginning in May 2013, Puckett was housed at California State Prison-Corcoran (Corcoran), in the Administrative Segregation Unit (ASU).
4. In June 2013, Puckett was housed at Corcoran in housing unit 3A03-141U, which is located in the lower tier of the housing unit. (Magallanes Decl., Ex. C at 2:1-3; Brandon Decl., ECF No. 17-1 at 4:26-27.)

### C.      Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Retaliatory motive may be shown by the timing of the allegedly retaliatory act and inconsistency with previous actions, as well as direct evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-1289 (9th Cir. 2003). However, mere speculation that defendants acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904-905 (9th Cir. 2014) (affirming grant of summary judgment where no evidence that defendants knew of plaintiff's prior lawsuit or that defendants' disparaging remarks were made in reference to prior lawsuit).

### D.      Defendant's Motion for Summary Judgment

Defendant argues that the undisputed facts demonstrate that the lawsuit filed against Arreguin in 2010 is too remote in time and will not support a First Amendment retaliation claim. Defendant also argues that the undisputed facts demonstrate that Plaintiff received all meals allotted to him in June 2013, and that his cell was not searched on June 17, 2013. Defendant submits that summary judgment, or in the alternative, partial summary judgment should be granted in his favor.

### E.      Plaintiff's Opposition

Plaintiff submits his own declaration in which he declares that officer Magallanes "took officer Brandon word as bone that she fed me and that I was lying without investigate it by coming to my cell like I requested to search for a 5 inch 2 ½ feet long tray that I cannot hide." (ECF No. 28, Opp'n at 2.) Defendant Brandon retaliated against Plaintiff for suing officer Arreguin and made racial slurs calling Plaintiff a sex offender between May and June 2013. Officer Arreguin and Brandon would talk about

Plaintiff's lawsuit against Arreguin and Brandon "would go on a verbal abuse rampage using racial slurs. . . " (Id.)  Plaintiff declares that he did not get all of his meals even though Defendant Brandon was not assigned to his tier because she would still make sure he did not receive his meals.  Plaintiff contends Brandon admitted to searching his cell and poured liquid all over it in the trash can.

### F. Defendant's Reply

Defendant argues that Plaintiff's opposition is based on his own conclusory, self-serving declaration which lacks any detail and is uncorroborated.  Plaintiff's declaration also is internally inconsistent, raises arguments not asserted in his pleadings, and contradicts his deposition testimony.  Defendant submits that Plaintiff admits that Defendant Brandon was not even assigned to work in the tier where Plaintiff was housed, and therefore had no responsibility to feed Plaintiff and could not have refused to do so.  In addition, Plaintiff argues without evidentiary support and contrary to Brandon's contention that Brandon conducted a cell search on the date claimed.  Lastly, Defendant argues that Plaintiff does not refute Defendant's argument that the lawsuit against Officer Arreguin in 2010 is remote in time from the alleged events in 2013.

### G. Findings on Defendant's Motion

In opposition to Defendant motion, Plaintiff declares, under penalty of perjury, the following:

> I dispute the fact that officer Magallanes was ensuring that all prisoners got fed due to Magallanes took officer Brandon word as bond that she fed me and that I was lying without investigate [sic] it by coming to my cell like I requested to search for a 5 inch thick 2 ½ feet long tray that I cannot hide.  …  I do in fact stand firm that Defendant Brandon retaliated on me for suing Arreguin as officer Arreguin came to 3A03 multiple times using racial slurs calling me a sex offender between 3/2013-6/2013.  Arreguin was as well assigned to work on certain days late May early June 2013 and would talk about my suit against her to Defendant Brandon and Brandon would go on a verbal abuse rampage using racial slurs and how Arreguin's her friend and I would not get fed.  … I did not get all my meals see Exhibit A.  Brandon was not even assigned to my tier and still would come and not feed me as well pepper sprayed me at tray pick up/pill call through my food port.  …  I did not get all my meals out of reprisal initiated by Defendant Brandon.  …  Brandon not only admitted to searching my cell, but made me aware of it and in front of me poured liquid all over it in the trash can.  …  Just because it's [sic] a log book for searches does not mean staff would not violate policy in a closed environment where its inmate word v. staff.  Brandon out of reprisal searched my cell and admitted to it to Mg.  …

(ECF No. 28, Opp'n at 2.)[1]

1.  Failure to Provide Plaintiff Meals

Defendant's argument that the lawsuit filed against officer Arreguin is remote in time and does not establish a causal connection between Plaintiff's exercise of his right to file a lawsuit and the alleged retaliatory action by Defendant Brandon is unavailing.

In this circuit, Plaintiff need "only put forth evidence of retaliatory motive that, taken in the light most favorable to him, presents a genuine issue of material fact as to" Defendant's motivation. Brodheim, 584 F.3d at 1271 (citing Bruce v. Ylst, 351 F.3d at 1289 (internal quotation marks omitted). This requires Plaintiff to offer either direct evidence of retaliatory motive or at least one of three general types of circumstantial evidence: (1) proximity in time between the protected conduct and the alleged retaliation, (2) expressed opposition to the conduct, or (3) other evidence that the reasons proffered by Defendants for the adverse action were false and pretextual. McCollum v. California Department of Corrections and Rehabilitation, 647 F.3d 870, 882 (9th Cir. 2011) (citing Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)) (quotation marks omitted).

Viewing the facts in the light most favorable to Plaintiff, Plaintiff declares that Defendant Brandon conversed with officer Arreguin regarding the lawsuit filed by Plaintiff against Arreguin and while the lawsuit may have been filed three years prior, based on the circumstances in this case there is sufficient evidence to show a retaliatory motive on the part of Defendant Brandon, notwithstanding the three period of time particular given that the lawsuit was still ongoing at that time. See Puckett v. S. Arreguin, No. 1:10-cv-00971-MJS (PC) (E.D. Cal.)[2]

Defendant argues that Plaintiff cannot establish a temporal nexus between his identified protected conduct (i.e. filing his previous lawsuit against Arreguin) and the purported adverse action (failure to provide meals and confiscation of property during search of his cell) because there is a gap of more than three years between the two. The conversations and statements made to Plaintiff by

---

[1] Defendant correctly notes that Plaintiff is not and cannot proceed on a claim that Defendant Brandon sprayed him with pepper spray as such allegation was not set forth in the operative complaint. (See ECF No. 1, Compl. at 4.)

[2] The Court takes judicial notice of the proceedings in case number 1:10-cv-00971-MJS (PC), pursuant to Rule 201 of the Federal Rules of Evidence. A motion to dismiss was filed by Arreguin on April 2, 2013, which was ultimately granted on October 29, 2013. (See 1:10-cv-00971, ECF Nos. 19 & 28.)

Defendant Brandon and officer Arreguin prior to the alleged adverse actions by Defendant Brandon is sufficient to establish a finding that a causal connection exists between the protected activity and the alleged adverse action. This finding is supported by the fact that at the time of the alleged adverse actions, the case against officer Arreguin was still ongoing and active.[3]

At his deposition, Plaintiff acknowledged that Defendant Brandon was not assigned to his housing tier. (Dep. Tr. at 37.) However, Plaintiff indicated that "[s]ome days she worked the top, some days she worked the bottom. I don't know when or if she was assigned. It is different when you work in AD-seg or the SHU. They go where they are told to go or they request to go." (Id.) Magallanes declares that he would be notified if an inmate did not receive an allotted meal (ECF No. 26, Ex. C); however, it remains reasonably possible that Defendant Brandon worked or had the ability to assist in Plaintiff's housing unit and failed to feed Plaintiff out of retaliation (which would not be reported) for his lawsuit against fellow officer Arreguin. Based on the evidence presented in Plaintiff's verified declaration and deposition, a genuine issue of material facts as to whether Defendant Brandon retaliated against Plaintiff for exercising his rights under the First Amendment by failing to provide meals for several days during June 2013, and Defendant Brandon is not entitled to summary judgment.

      2.     Search of Cell-Confiscation of Property

Plaintiff contends that Defendant Brandon searched his cell on June 17, 2013, between 9:30 a.m. and 11:30 a.m., while Plaintiff was out of his cell speaking with his case manager, and destroyed his personal property.

Defendant argues that Plaintiff's statements in his declaration contradict his deposition testimony. Specifically, Defendant argues Plaintiff declares that Brandon admitted to searching his

---

[3] Defendant cites Holley v. Carey, No. Civ S-04-2708 LKK EFB P, 2007 WL 2533926 (E.D. Cal. Aug. 31, 2007), for the proposition that delay of a five-month gap between the filing of a prison grievance and the termination of the inmate's prison was held too remove to suggest retaliation. However, that holding was rejected on review by the District Judge and summary judgment was denied finding there was a reasonable dispute as to whether and to what extent the plaintiff's grievances played a role in their ultimate decision and noting "[q]uestions involving a person's state of mind … are generally factual issues inappropriate for resolution by summary judgment." (citation omitted.) See Holley v. Carey, No. CIV S-04-2708 LKK EFB P, 2007 WL 2853924 at *1 (E. D. Cal. Sept. 27, 2007).

7

1  cell, but his deposition testimony demonstrates he did not recall what Brandon stated at the time of the
2  alleged cell search.
3        Defendant's argument that Plaintiff's declaration is contradictory to his deposition testimony is
4  misleading.  It is undisputed that Plaintiff did not actually observe Defendant Brandon search his cell.
5  Plaintiff nonetheless claims that a statement was made (whether it was an admission or some other
6  statement) and Plaintiff observed Brandon with several items of his personal property which were
7  destroyed in front of him.
8        At his deposition, Plaintiff initially stated that Defendant Brandon admitted to searching his
9  cell on June 17, 2013, and then later explained that he did not recall the exact words used by Brandon
10 and did not want to misquote the statement.  (See Dep. Tr. at 50-53.)  Nonetheless, Plaintiff testified
11 that just following the search, Defendant Brandon had "my obituaries, some of my property and
12 disinfectant in one hand and a trash can was right there.  She started ripping down some of my pictures
13 and obituaries, then she dumped everything in the trash can and then she grabbed the disinfectant
14 bottle or bleach – I have no idea what kind of disinfectant it was and poured it over it so I can't get it
15 out of the trash can."  (Id. at 52.)  Defendant Brandon's actions took place in front of other inmates.
16 (Id. at 51-54.)
17       Defendant argues the daily activity record establishes indisputably that Plaintiff's cell was not
18 searched on June 17, 2013.  (ECF No. 26, Declaration of M. Kimbrell, Ex. D; Daily Activity Record,
19 Ex. E.)  However, if, as Plaintiff presents, Defendant Brandon searched Plaintiff's cell in retaliation
20 (and unauthorized) for filing a previous lawsuit against a fellow officer, such search would reasonably
21 not be documented on the daily activity record, and the lack of notation of such search goes to the
22 weight of the evidence, not the determination of whether a genuine material of fact exists.   Based on
23 the evidence presented in Plaintiff's verified declaration and deposition testimony, a genuine issue of
24 material facts exists as to whether Defendant Brandon searched Plaintiff's cell and destroyed his
25 personal property in retaliation for Plaintiff's exercise of his rights under the First Amendment, and
26 Defendant Brandon is not entitled to summary judgment.
27 ///
28 ///

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion for summary judgment be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 11, 2015**

UNITED STATES MAGISTRATE JUDGE