UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>K. BRANDON, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00290-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR COURT ORDER TO RELINQUISH HIS PERSONAL AND LEGAL PROPERTY<br><br>[ECF No. 32] |

Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 28, 2015, Plaintiff filed a motion for a court order directing prison officials at the California Department of Corrections and Rehabilitation to relinquish his personal and legal property. The Court construes Plaintiff's motion as a request for a preliminary injunction.

## I.

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may

only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

This action is proceeding on Plaintiff's claim of retaliation against Defendant Brandon.  In the instant motion, Plaintiff contends that he was transferred to Corcoran State Prison on June 17, 2015, and his legal and personal property was not delivered with him.  Injunctive relief may not be based on due process claim for loss of property, which does not appear in the complaint and is not subject to this action.  A "request for injunctive relief by itself does not state a cause of action and is properly raised as a separate motion."  Mbaba v. Indymac Federal Bank F.S.B., 2010 WL 424363, at *4 (E.D. Cal. 2010).  "An injunction is a remedy, not a separate claim or cause of action.  A pleading can … request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate.  Jensen v. Quality Loan Service Corp., 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010).  Because Plaintiff is not proceeding on a claim of retaliation only, the Court lacks jurisdiction to issue the order sought by Plaintiff, and his motion must be denied.

## II.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed December 28, 2015, be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 30, 2015**

UNITED STATES MAGISTRATE JUDGE