**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. BRANDON,<br><br>　　　　Defendant. | Case No.: 1:14-cv-00290-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE<br><br>[ECF No. 43] |

　　　　Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion to extend the discovery deadline, filed March 22, 2016. Because Plaintiff has failed to meet his burden in demonstrating good cause, the Court elects to rule on the motion prior to the expiration period to file a response pursuant to Local Rule 230(l).

**I.**

**DISCUSSION**

　　　　Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the

1

1  modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the
2  inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern
3  California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the
4  court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed.
5  R. Civ. P. 16(b)(4).

6  "Good cause may be found to exist where the moving party shows that it diligently assisted
7  the court with creating a workable scheduling order, that it is unable to comply with the scheduling
8  order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance
9  of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that
10 the party could not comply with the scheduling order."  Kuschner Nationwide Credit, Inc., 256 F.R.D.
11 684, 687 (E.D. Cal. 2009).

12 Pursuant to the Court's September 5, 2014, discovery and scheduling order, the deadline for
13 completion of all discovery expired on May 5, 2015.  (ECF No. 13.)

14 Now nearly ten months after the expiration of the deadline, Plaintiff seeks additional time to
15 conduct discovery with Defendant in order to obtain information and/or documentation relating to
16 inmate witnesses for purposes of trial.  However, Plaintiff offers no evidence as to any effort to obtain
17 discovery related to inmate witnesses testimony to present at trial.   Plaintiff makes no showing that he
18 previously tried to obtain documents and/or information from Defendants through discovery.  A party
19 seeking further discovery is required to demonstrate due diligence to support a finding of good cause.
20 Because Plaintiff has not shown due diligence with respect to conducting discovery, the Court will not
21 extend the discovery deadline to allow Plaintiff further time to conduct discovery.  Thus, Plaintiff's
22 motion to extend the discovery deadline must be denied.

24 IT IS SO ORDERED.

25 Dated:   **March 31, 2016**
26                                                                            UNITED STATES MAGISTRATE JUDGE

2