UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>          Plaintiff,<br><br>     v.<br><br>K. BRANDON,<br><br>          Defendant. | Case No.: 1:14-cv-00290-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 49] |

Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Both parties have consented to United States magistrate judge jurisdiction.  (ECF No. 46.)

On April 6, 2016, Plaintiff filed a motion for a preliminary injunction.  Plaintiff contends that from December 2015 to February 2016, several officers assaulted him.  Officers Anaya, Tapia, and Wilson refused to process his legal mail, illegally opened his legal mail and read it on the tier, denied him seventeen dinners, nine showers, cleaning supplies, forms and/or hygiene items because Plaintiff is suing Brandon and others.  Officer Anaya passed out Plaintiff's sex offender charges to multiple inmates and paid them contraband to viciously attack him which happened twice of Anaya's watch.  Plaintiff further contends he was pepper sprayed and threatened by a lieutenant and captain to "dismiss your lawsuit."  Plaintiff seeks a no-contact order for several prison officials along with removal from Corcoran State Prison.

First, the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim for retaliation and damages against Defendant Brandon arising on or about June 2013.  See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).  Second, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir. 2012); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).   In this instance, subsequent to the filing to the filing of his present motion, Plaintiff was transferred and is now housed at California Correctional Institution in Tehachapi, California.  Thus, because Plaintiff is not presently housed at Corcoran State Prison, his request that the named officials stop retaliating against him is moot.  Accordingly, Plaintiff's motion for a preliminary injunction must be DENIED.

IT IS SO ORDERED.

Dated:   **April 15, 2016**

UNITED STATES MAGISTRATE JUDGE