1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | DURRELL A. PUCKETT,                )   Case No.: 1:14-cv-00290-SAB (PC)

12 |                     Plaintiff,      )

13 |          v.                        )   ORDER DENYING PLAINTIFF'S MOTION
   |                                    )   FOR APPOINTMENT OF COUNSEL
14 | K. BRANDON,                        )
   |                                    )   [ECF No. 53]
15 |                     Defendant.      )
   |                                    )
16 | _____ )

17          Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.  Both parties have consented to United States magistrate judge

19 jurisdiction.  (ECF No. 46.)

20          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

21 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

22 plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

23 District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court

24 may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at

25 1525.

26          Without a reasonable method of securing and compensating counsel, the court will seek

27 volunteer counsel only in the most serious and exceptional cases.  In determining whether

28 "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

1

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. A review of the record reflects that Plaintiff is articulate and able to comply with court orders, as well as file pro se motions. Further, even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges a First Amendment claim of retaliation against Defendant K. Brandon. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 15, 2016**   _____

UNITED STATES MAGISTRATE JUDGE