UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>        Plaintiff,<br><br>    v.<br><br>K. BRANDON,<br><br>        Defendant. | Case No.: 1:14-cv-00290-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER TO PROVIDE ADEQUATE MENTAL HEALTH CARE EVALUATION<br><br>[ECF No. 58] |

      Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to United States magistrate judge jurisdiction. (ECF No. 46.) This action is proceeding against Defendant K. Brandon for retaliation in violation of the First Amendment, and is scheduled for a jury trial on October 11, 2016.

      On April 21, 2016, Plaintiff filed a motion for a court order directing prison officials to provide an adequate mental health care evaluation.

      Federal courts are courts of limited jurisdiction, Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and the Court lacks the jurisdiction to issue any orders regarding Plaintiff's current conditions of confinement, including his mental health status, 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

///

As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. at 493; Mayfield v. United States, 599 F.3d at 969. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998); accord Lujan v. Defenders of Wildlife, 504 U.S. at 560-61. This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

Plaintiff's claim that officers at Corcoran State Prison are denying him appropriate mental health evaluation and transfer to a different prison cannot provide the basis for a preliminary injunction in this action because it is a new assertion of mistreatment entirely different from the retaliation claim in this action against Defendant Brandon. In addition, Plaintiff has no substantive liberty interest in being housed in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). The pendency of this case does not provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement, which involve different circumstances and different prison employees. Summers, 555 U.S. at 493 (citation omitted); Lujan, 504 U.S. at 560-61; Mayfield, 599 F.3d at 969. Plaintiff's inability to meet the "irreducible constitutional minimum of standing" with respect to the relief he seeks is fatal to his motion. Steel Co., 523 U.S. at 103-04 (quoting Lujan, 504 U.S. at 560-61). Accordingly, Plaintiff's motion for a preliminary injunction must be denied.

//
//
//
//
//

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a court order to provide him an adequate mental health evaluation is DENIED.

IT IS SO ORDERED.

Dated: **May 6, 2016**

UNITED STATES MAGISTRATE JUDGE