**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. BRANDON,<br><br>　　　　Defendant. | Case No.: 1:14-cv-00290-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MARCH 31, 2016, ORDER DENYING REQUEST TO EXTEND THE DISCOVERY DEADLINE<br><br>[ECF Nos. 59, 60] |

Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to United States magistrate judge jurisdiction. (ECF No. 46.)

Currently before the Court is Plaintiff's motion for reconsideration of the Court's March 31, 2016, order denying his request to extend the discovery deadline, filed on April 21, 2016.

**I.**

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds,

828 F.2d 514 (9th Cir. 1987). Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent injustice and is to be utilized only where extraordinary exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party must demonstrate both injury and circumstances beyond his control. Harvest v. Castro, 531 F.3d at 749.

Plaintiff's claim that he sought information as to the identity and location of inmate witness Singletary is vague and devoid of support, and Plaintiff cannot demonstrate at this stage of the proceedings (over ten months after the expiration of the discovery deadline) that the discovery deadline should be extended for that purpose. Plaintiff conducted discovery in this case and served, at a minimum, requests for interrogatories on November 4, 2014. (ECF No. 14.) Plaintiff's claim that he sought information from Defendants but was denied, alone, is not sufficient to warrant an extension of the discovery deadline. Plaintiff was advised in the Court's discovery and scheduling order "[i]f discovery disputes arise, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 110, 130, 131, 133, 142, 144 and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California." (ECF No. 13, Order at 2:10-12.) There is simply no indication that Plaintiff diligently sought relevant discovery in the past and was improperly denied such information. Indeed, there is no indication that Defendant stonewalled Plaintiff in discovery by failing to respond and/or produce evidence. If Plaintiff believed certain information should have been disclosed by Defendant but was not, the proper vehicle was for Plaintiff to file a motion to compel. No motions to compel were filed in this action and the discovery deadline expired on May 5, 2015. Accordingly, Plaintiff's motion for reconsideration shall be denied.

///
///
///
///
///
///
///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's March 31, 2016, order denying his request to extend the discovery deadline is DENIED; and

2. Plaintiff's motion to stay the proceedings pending a ruling on this motion is DENIED.

IT IS SO ORDERED.

Dated: **May 6, 2016**

UNITED STATES MAGISTRATE JUDGE