UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT, | Case No.: 1:14-cv-00290-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 15, 2016, ORDER DENYING HIS REQUEST FOR INJUNCTIVE RELIEF |
| K. BRANDON, | |
| Defendant. | [ECF No. 63] |

Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to United States magistrate judge jurisdiction. (ECF No. 46.)

**I.**

**RELEVANT HISTORY**

On May 11, 2016, Plaintiff filed a motion for reconsideration of the Court's April 15, 2016, order denying his request for injunctive relief. (ECF No. 63.)

On April 15, 2016, the Court denied Plaintiff's request for injunctive relief because: (1) the Court lacks jurisdiction over individuals who are not parties to this action and only has subject matter jurisdiction over the retaliation claim upon which this action is proceeding; and (2) his request for injunctive relief was moot because he was no longer subject to those conditions. (ECF No. 55, Order at 2.)

## II.

## DISCUSSION

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

In the instant motion for reconsideration, Plaintiff contends that several officers (who are not parties to this action) have harassed him, denied him meals, labeled him as a snitch, and refused mental health treatment and evaluation. Plaintiff seeks a mental health evaluation and transfer to the Department of State Hospitals.

Plaintiff's arguments are insufficient to meet the requirements for injunctive relief. The Court does not have personal jurisdiction over individuals who are not parties to the instant action. The Court's jurisdiction is limited to the parties before it in this action (Defendant Brandon only) and to Plaintiff's claim for damages arising from an incident of alleged retaliation against her. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). The pendency of this action does not give this Court unfettered jurisdiction over all prison officials in general or over the actions of individuals who are not parties to this action. In addition, the Court only

retains subject matter jurisdiction over the retaliation claim upon which this action is proceeding. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).  Accordingly, Plaintiff has failed to meet the standard for reconsideration of the Court's April 15, 2016, and his motion shall be denied.

### III.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration of the Court's April 15, 2016, order denying his request for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated: **May 19, 2016**

UNITED STATES MAGISTRATE JUDGE