UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>              Plaintiff,<br><br>         v.<br><br>K. BRANDON,<br><br>              Defendant. | Case No.: 1:14-cv-00290-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL AND COURT ORDER FOR MENTAL EXAMINATION<br><br>[ECF No. 68] |

Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to United States magistrate judge jurisdiction. (ECF No. 46.)

Currently before the Court is Plaintiff's third motion for appointment of counsel, filed May 31, 2016. Plaintiff also requests that the Court order a mental examination pursuant to Federal Rule of Civil Procedure 35.

**I.**

**DISCUSSION**

**A.    Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

1  District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court
2  may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at
3  1525.
4       Without a reasonable method of securing and compensating counsel, the court will seek
5  volunteer counsel only in the most serious and exceptional cases.  In determining whether
6  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the
7  merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
8  legal issues involved."  Id.  (internal quotation marks and citations omitted).
9        In the present case, the Court does not find the required exceptional circumstances.  A review
10 of the record reflects that Plaintiff is articulate and able to comply with court orders, as well as file pro
11 se motions.  Further, even if it assumed that plaintiff is not well versed in the law and that he has made
12 serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  Plaintiff
13 alleges a First Amendment claim of retaliation against Defendant K. Brandon.  The legal issues
14 present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the
15 complaint.  While a pro se litigant may be better served with the assistance of counsel, so long as a pro
16 se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative
17 complexity of the matter," the "exceptional circumstances" which might require the appointment of
18 counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28
19 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner
20 "may well have fared better-particularly in the realm of discovery and the securing of expert
21 testimony.")  Accordingly, Plaintiff's third motion for the appointment of counsel shall be denied,
22 without prejudice.
23      **B.      Mental Examination**
24      Rule 35 of the Federal Rules of Civil Procedure allows a court, on a motion for good cause, to
25 order a mental examination by a suitably licensed or certified examiner of a party whose mental
26 condition is "in controversy."  Fed. R. Civ. P. 35(a); Schlagenhauf v. Holder, 379 U.S. 104, 118
27 (1964).  The requirements "are not met by mere conclusory allegations of the pleadings—nor by mere
28 relevance of the case—but require an affirmative showing by the movant that each condition as to

which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf, 379 U.S. at 118.

Here, Plaintiff requests a mental examination by an outside psychologist in lieu of the examination through the California Department of Corrections and Rehabilitation (CDCR) because he claims such evaluations are biased. Plaintiff cannot request nor can the Court grant an outside psychological examination merely because he does not agree with the examination provided by CDCR. Moreover, there is no showing that Plaintiff's mental condition is "in controversy." Accordingly, Plaintiff's motion for a court order mental examination must be denied.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED; and
2. Plaintiff's request for a mental examination is DENIED.

IT IS SO ORDERED.

Dated:   **June 2, 2016**

UNITED STATES MAGISTRATE JUDGE