1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10

11   DURRELL A. PUCKETT,                  )   Case No.: 1:14-cv-00290-SAB (PC)
                                          )
12              Plaintiff,                )
                                          )   ORDER GRANTING IN PART AND DENYING
13        v.                              )   IN PART PLAINTIFF'S MOTIONS FOR
                                          )   ATTENDANCE OF INCARCERATED
14   K. BRANDON,                          )   WITNESSES
                                          )
15              Defendant.                )   [ECF Nos. 64, 69]
                                          )
16   _____)

17        Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  Both parties have consented to United States magistrate judge

19   jurisdiction.  (ECF No. 46.)

20        Currently before the Court is Plaintiff's motion for attendance of incarcerated witnesses to be

21   present at jury trial.  (ECF Nos. 64, 69.)

22        This action is proceeding on Plaintiff's claim of retaliation in violation of the First Amendment

23   against Defendant K. Brandon, namely, failure to provide meals for several days in June 2013 and

24   confiscation of his property from his cell on June 27, 2013.  The case is set for jury trial on October

25   11, 2016.

26   ///

27   ///

28   ///

                                          1

# I.

## DISCUSSION

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation.  Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff requests the attendance of following five inmate-witnesses: (1) Kelvin Martinez, CDCR # AC8551; (2) Clarence L. Roberson, CDCR # K-37334; (3) Singletary, CDCR # H-13722; (4) Aaron Lawrence, CDCR K-15658; and (5) Anthony Underdue, CDCR # AH5378.  Defendants object to all of the inmate witnesses, with the exception of Anthony Underdue.

### A.      Inmate Kelvin Martinez

Plaintiff requests to call inmate witness Kelvin Martinez as a rebuttal witness to impeach Defendant's witness Childress.

In opposition, Defendant submits the declaration of M. Kimbrell, Litigation Coordinator at California State Prison-Corcoran (Corcoran).  Kimbrell declares that CDCR records demonstrate that, on June 17, 2013, Plaintiff was housed at Corcoran in the Administrative Segregation Unit (ASU) in housing unit 03A03, cell 141.  His cell mate at that time was inmate Underdue.  (Kimbrell Decl., Ex. A at ¶ 2, ECF No. 71.)  CDCR records demonstrate that, on June 17, 2013, inmate Martinez (AC8551) was housed at Pelican Bay State Prison (PBSP) and did not arrive at Corcoran until June 27, 2013, when he was housed at the Acute Care Hospital (ACH).  After leaving the ACH on June 29, 2013,

Martinez was housed in the Security Housing Unit (SHU) in housing unit 4B3L, which is a separate yard from where Plaintiff was housed.  (Kimbrell Decl. Attach. 1.)

In response, Plaintiff submits that inmate Martinez may not have observed the incident in question; however, Martinez was present when Defendant's alleged witness, Childress made comments to testify falsely.

Plaintiff's request for the attendance of inmate Martinez shall be denied, without prejudice, as there is not sufficient information before the Court that Martinez has relevant admissible evidence to present to the jury that would further the resolution of this case.  Plaintiff's statement concerning inmate Martinez is too vague and is insufficient to show that this witness has actual firsthand knowledge of the relevant facts of the incident.  In addition, there is no evidence before the Court that witness Childress will be called to testify.  Accordingly, Plaintiff's motion for the attendance of inmate Martinez is denied, without prejudice.

**B.      Inmate Clarence L. Roberson**

Plaintiff requests to call inmate witness Clarence L. Roberson as an impartial expert witness. Plaintiff contends inmate Roberson has full knowledge of the mental health care program.

Kimbrell declares that CDCR records demonstrate that, on June 17, 2013, inmate Roberson (K-37334) also was housed in the SHU at Corcoran, in housing 4A3R, which is a separate yard from where Plaintiff was housed.  (Kimbrell Decl., Attach. 2.)

Defendant argues that since Roberson was not housed in the same building as Plaintiff, he could not have observed the alleged events at issue in this case, and his testimony will not substantially further the resolution of this matter.  Furthermore, Plaintiff contends that Roberson may testify as "a impartial expert witness" concerning the health program where Defendant Brandon worked.  (Mot. at 1:7-10, ECF No. 69.)  However, Plaintiff fails to provide information regarding Roberson's background, training or experience in mental health issues in general.

Plaintiff's request for the attendance of inmate Roberson shall be denied, as there is not sufficient information before the Court that Roberson has relevant admissible evidence to present that would further the resolution of this case.

///

3

### C.   Inmate Singletary

Plaintiff requests to call inmate witness Singletary because he witnessed the denial of food trays and destruction of property.

Kimbrell declares that CDCR records demonstrate that, on June 17, 2013, inmate Singletary (H-13722) was housed in housing unit 3A03, cell 240, which is located on the upper tire of the housing unit, above Plaintiff's cell.  (Kimbrell Decl., Ex. A at ¶ 5; Attach. 3.)  Because of the cement walkway in front of cell 240, an inmate housed in that cell could not observe events occurring directly below in front of cell 141.  (Id.)  Defendant argues that the testimony of inmate Singletary will therefore not substantially further the resolution of this case, and Plaintiff's motion should be denied.

In response, Plaintiff argues that from Singletary's cell he could observe the dayroom in front of Plaintiff's cell and there is no basis to support Defendant's argument otherwise.

Based on the representation of inmate Singletary's testimony, Plaintiff's motion for the attendance of inmate Singletary is granted.

### D.   Inmate Aaron Lawrence

Plaintiff requests to call inmate Aaron Lawrence because he witnessed Defendant Brandon destroying Plaintiff's personal property as reprisal for Plaintiff filing a lawsuit against Arreguin.

Kimbrell declares that on June 17, 2013, inmate Lawrence was housed in housing unit 03A-03, cell 112.  Due to the configuration of the section, an inmate housed in cell 112 could not observe events occurring in front of cell 141.  (Kimbrell Decl., Ex. A at 2:13-18.)  Cell 112 is in section A of the housing unit, and cell 141 is in section C of the housing unit, and the sections are separated by concrete walls.  (Id.)  Thus, there were two concrete walls between section A and section C. Therefore, it is highly unlikely that an inmate in cell 112 could observe events occurring in front of cell 141.  Defendant therefore argues that the testimony of inmate Lawrence will not substantially further the resolution of this case.

Plaintiff's motion for the attendance of inmate Aaron Lawrence is denied as Plaintiff has failed to put forth a sufficient showing that inmate Lawrence has relevant evidence that will substantially further the resolution of this case.

///

E.      **Inmate Anthony Underdue**

Plaintiff requests to call inmate Anthony Underdue because he was Plaintiff's cellmate during the time in question, and he witnessed Defendant Brandon refuse to feed Plaintiff and destroyed Plaintiff's personal property.  As previously stated, CDCR records demonstrate that, on June 17, 2013, Plaintiff was housed at Corcoran in the Administrative Segregation Unit (ASU) in housing unit 03A03, cell 141.  His cell mate at that time was inmate Underdue.

As inmate Anthony Underdue was Plaintiff's cell mate at the time in question, and there is no objection by Defendant that Underdue may provide relevant testimony to further the resolution of this case, Plaintiff's motion for the attendance of inmate Anthony Underdue shall be granted.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion for the attendance of inmate Kelvin Martinez is denied, without prejudice;

2.      Plaintiff's motion for the attendance of inmates Clarence L. Roberson and Aaron Lawrence is denied;

3.      Plaintiff's motion for the attendance of inmates Singletary and Underdue is granted; and

4.      The Court will issue the necessary transportation orders for Plaintiff, Singletary and Underdue in due course.

IT IS SO ORDERED.

Dated:   **July 21, 2016**

UNITED STATES MAGISTRATE JUDGE

5