UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>        Plaintiff,<br><br>    v.<br><br>K. BRANDON,<br><br>        Defendant. | Case No.: 1:14-cv-00290-SAB (PC)<br><br>ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE<br><br>[ECF No. 83] |

    Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to United States magistrate judge jurisdiction. (ECF No. 46.)

    This case is set for jury trial before the undersigned on October 11, 2016, on Plaintiff's claim of retaliation against Defendant Brandon.

    On August 26, 2016, Defendant filed motions in limine. (ECF No. 83.) Plaintiff filed an opposition on September 8, 2016, and Defendant filed a reply on September 16, 2016. (ECF Nos. 87, 95.)

    On October 6, 2016, the Court held a telephonic motions in limine hearing, and Plaintiff appeared pro se and Deputy Attorney General, Lawrence Bragg appeared on behalf of Defendant Brandon.

///

# I.

# LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

# II.

# MOTIONS IN LIMINE[1]

**A.    Defendant's Motions in Limine**

Defendant seeks to exclude the following: (1) Plaintiff's expert witnesses; (2) testimony by Plaintiff regarding medical or mental health diagnosis, opinions, inferences or causation; (3) introduction of Plaintiff's medical or mental health records; (4) questioning by Plaintiff of Defendant Brandon about any matters contained in her personnel records; (5) questioning by Plaintiff concerning Defendant Brandon's family status and personal relationship; and (6) introduction of Defendant Brandon's financial condition unless and until the trier of fact determines punitive damages are appropriate. The Court will each address each motion separately below.

1.    Exclusion of Plaintiff's Expert Witnesses

Plaintiff's pretrial conference statement does not list any expert witnesses who may be called to testify by Plaintiff, and Plaintiff did not submit a disclosure of expert witnesses.

---

[1] Plaintiff did not file any motions in limine.

**Ruling:** Defendant correctly submits that since Plaintiff has failed to comply with the procedures concerning the disclosure of expert witnesses under Federal Rule of Civil Procedure 26(a)(2), Plaintiff is not allowed to call any expert witnesses to testify at trial.

2. <u>Limiting Plaintiff's Testimony</u>

Defendant moves to preclude Plaintiff from introducing any opinion evidence regarding medical opinions or inferences as to the nature and extent of his alleged injuries. Fed. R. Evid. 701.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records.

**Ruling:** Defendant's motion to exclude medical expert testimony by Plaintiff is GRANTED. Plaintiff may testify as to what he experienced as a result of the retaliation; however, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records.

3. <u>Exclusion of Medical or Mental Health Records</u>

Defendant objects to Plaintiff introducing his medical or mental health records into evidence on grounds of lack of foundation, irrelevance, and inadmissible hearsay. Fed. R. Evid. 401, 402, 602, 801, 802. Plaintiff's medical and mental health records constitute out-of-court statements composed by third parties, which are hearsay. Fed. R. Evid. 802, 803. In addition, Plaintiff will be unable to lay a foundation for these records composed by third parties as he lacks personal knowledge concerning the content of these records. Fed. R. Evid. 602. Furthermore, the medical and mental records contain opinions which can only be offered by a medical or mental health expert.

**Ruling:** Defendant's motion to exclude is DENIED, without prejudice. The Court cannot determine any foundation, relevance, and admissibility issues unless and until the documents are attempted to be introduced at trial.

4. <u>Questioning Regarding Concerning Personnel Matters, Prior Complaints Concerning Job Performance, or Prior Disciplinary Issues Related to Defendant Brandon</u>

Defendant seeks to preclude Plaintiff from questioning her about any matters contained in her personnel records, which includes information of a personal nature, as well as any information concerning any disciplinary actions or complaints filed against her.

Rule 404(b)(1) of the Federal Rules of Evidence provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**Ruling:** Defendant's motion to exclude questioning regarding personnel matter is GRANTED, as such evidence is not relevant and is subject to exclusion under Rule 404(b)(1).

5. <u>Questioning Concerning Defendant Brandon's Family Status and Personal Relationships</u>

Defendant seeks to preclude Plaintiff from questioning her regarding her marital status, family status, or personal relationships outside the prison setting.  Defendant submits that information concerning her marital and family status and personal relationships outside the prison setting are not relevant to the issues of whether Brandon refused to feed Plaintiff, searched his cell, or destroyed his personal property under Federal Rule of Evidence 401.  Further, testimony concerning her marital and family status and personal relationships outside the prison setting would result in undue delay and waste of time and possibly could confuse the issues and mislead the jury, under Federal Rule of Evidence 403.

**Ruling:** Defendant's motion to exclude questioning regarding Defendant Brandon's family status and personal relationships is GRANTED.

6. <u>Preclusion of Evidence of Defendant Brandon's Financial Condition Unless and Until the Trier of Fact Determines Punitive Damages are Appropriate</u>

Plaintiff seeks punitive damages against Defendant Brandon.  Brandon seeks to bifurcate the trial on the issue of punitive damages, and it is the Court's practice to bifurcate such issue.

**Ruling:**  Defendant's motion to preclude evidence of Defendant Brandon's financial condition unless and until the trier of fact determines punitive damages are appropriate is GRANTED.  The issue

of punitive damages is bifurcated, and evidence of Defendant's financial condition during the initial trial is not relevant and is more prejudicial than probative under Rule 403.

IT IS SO ORDERED.

Dated:  **October 6, 2016**

UNITED STATES MAGISTRATE JUDGE