UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. BRANDON,<br><br>　　　　　Defendant. | Case No.: 1:14-cv-00290-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO COURT'S PRETRIAL ORDER<br><br>[ECF No. 86] |

　　　　Plaintiff Durrell A. Puckett is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to United States magistrate judge jurisdiction. (ECF No. 46.)

　　　　On August 30, 2016, the Court issued the final pretrial order in this case. (ECF No. 85.) On September 8, 2016, Plaintiff filed objections to the pretrial order. (ECF No. 86.) Plaintiff objects to the use of prior felony convictions for impeachment purposes, admission of any rules violation report, and Plaintiff seeks to depose Defendant's witnesses D. Rose and S. Latham. Plaintiff also submits that he does not have access to the jury instructions.

　　　　With regard to prior convictions of Plaintiff and his incarcerated witnesses, Plaintiff is advised that the Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony. If a conviction is more than ten years old, defendant is required to comply with

1

Federal Rule of Evidence 609(b) if he seeks to impeach plaintiff with his conviction.  <u>Simpson v. Thomas</u>, 528 F.3d 685, 690–91 (9th Cir. 2008).  With regard to the admission of any rules violation report, although Defendant listed rules violation report, log number 3A03-13-06-004, as an exhibit to be presented at trial, the Court has not and cannot make a ruling on the admission of any rules violation report until the time of trial, and Plaintiff is free to raise any appropriate objection if Defendant seeks to admit such evidence.   Thus, the Court reserves ruling on Plaintiff's objection until the presentation of such evidence at trial.  To the extent Plaintiff seeks to depose defense witnesses D. Rose and S. Latham, Plaintiff is advised that the discovery deadline expired on May 5, 2015, which included taking any necessary depositions.  (ECF No. 13, Order at 2.)  Furthermore, the Court denied Plaintiff's motion to extend the discovery deadline on March 31, 2016, and denied Plaintiff's motion for reconsideration of the order.  (ECF Nos. 43, 48, 59, 62.)  Accordingly, Plaintiff's request to depose defense witnesses on the eve of trial is denied.  Lastly, with regard to Plaintiff's claim that he does not have access to jury instructions, Plaintiff is advised that the court will prepare the necessary jury instructions and verdict form which the parties will have the opportunity to review on the morning of trial.

     Based on the foregoing, it is HEREBY ORDERED that Plaintiff's objections do not present any basis to amend the Court's August 30, 2016, pretrial order.

IT IS SO ORDERED.

Dated:   **October 6, 2016**

UNITED STATES MAGISTRATE JUDGE